UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNY L. CORBIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19CV237 NAB ) |
| RICHARD JENNINGS, ET AL., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Kenny L. Corbin's "Order to Show Cause for [a] Preliminary Injunction and a Temporary Restraining Order," which will be treated as a motion for a preliminary injunction and a temporary restraining order. For the reasons discussed below, the motion will be denied. Additionally, plaintiff will be directed to file an amended complaint according to the instructions set forth below. He will also be directed to either file a motion to proceed in forma pauperis or pay the filing fee.

### The Motion

Plaintiff is an inmate at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. His motion names the following individuals as defendants: Warden Richard Jennings; Acting Assistant Warden Bill Milum; Functional Unit Manager (FUM) Jennifer Price; CCM II Steve Francis; and Food Service Manager II Kathleen Boyer. He does not indicate the capacity in which he is suing defendants.

The first page of plaintiff's motion is a proposed order directing defendants to show cause why a preliminary injunction should not be issued enjoining them from violating his due process rights by: confining him to administrative segregation for over two months; denying him

access to the telephone; violating the Fourteenth Amendment; putting fish in his no fish tray; "losing/trashing" his grievances; confining him to his cell all day; and denying him access to the general population. (Docket No. 1 at 1).

The proposed order continues on the second page, restraining defendants from: all forms of retaliation; serving him cold food; putting fish in his no fish tray; depriving him of meat; keeping him confined to administrative segregation; overturning the dismissal of conduct violations; finding minor and frivolous reasons to place him in administrative segregation; searching his cell and his person; altering his food tray; confiscating his property; and denying him access to a tablet, which offers music, education, and email access. (Docket No. 1 at 2).

Attached to plaintiff's motion is a three page "declaration" providing supporting facts. (Docket No. 1-1). Plaintiff states that he arrived at PCC on July 31, 2018, after being transferred from the Northeast Correctional Center in Bowling Green. (Docket No. 1-1 at 1). He is currently serving a six-year sentence on a Class B felony conviction of committing violence to a Department of Corrections employee.

Plaintiff states that he has been in administrative segregation since the transfer, despite not being "a security risk or threat to the institution." The "Ad-Seg Committee" at PCC consists of FUM Price, Steven Francis, and Kevin Eckhoff. Any decision they make has to be approved by the warden. Plaintiff alleges that there is no reason to keep him segregated and that numerous of his constitutional rights are being violated.

Plaintiff further states that he has filed a grievance on PCC food service for violating the Religious Land Use and Institutionalized Persons Act, as well as the First and Fourteenth Amendments. (Docket No.1-1 at 2). He is on a certified religious diet and also has a medical lay-in stating that he is highly allergic to seafood. Nevertheless, he has found "bits and pieces of

tuna" hidden in his beans on three occasions, despite the trays being marked "No Fish." Plaintiff states that the fish was put on his tray in retaliation for his filing of grievances.

Plaintiff also makes two grievance-related retaliation complaints. First, he asserts that FUM Price violated his due process rights by overturning the dismissal of a conduct violation. He claims that the conduct violation was dropped again after he filed a grievance, but that he was given an additional ninety days in administrative segregation in retaliation. Second, he states that he filed a grievance against Assistant Warden Milum for overturning a conduct violation that had been dismissed by FUM Price. Plaintiff alleges that Assistant Warden Milum gave a false and conflicting statement in this matter, and that he is "being held hostage in administrative segregation with no probable cause."

Additionally, plaintiff alleges a number of other retaliatory tactics, including: denial of recreation; no phone access; censorship of his books and magazines; and the denial of use of a tablet.

Finally, plaintiff states that his other "big issue" is overcrowding. (Docket No. 1-1 at 3). He claims that inmates such as himself are forced to spend extended time in administrative segregation because "this facility was not built for the number of prisoners currently being held." Due to a lack of bed space in general population, prisoners are allegedly sent to administrative segregation for minor violations, even though there are "other sanctions that better fits the needed discipline."

## Discussion

Plaintiff's motion for a preliminary injunction and temporary restraining order must be denied. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a

preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated" and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id*. at 521. Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*.

Here, after balancing the factors listed above, plaintiff's motion must be denied. First, he has not made a showing of irreparable harm. His motion contains a number of unrelated claims of varying severity, from an allegation that he has been held too long in administrative segregation to an assertion that he is being denied the use of a tablet for playing music and sending emails. None of these claims indicate that plaintiff is in any immediate danger. Rather, the claims are typical of actions under 42 U.S.C. § 1983, and do not appear to require immediate court intervention.

Second, granting plaintiff's motion would place the Court in the position of injecting itself into the problems of prison administration, especially with regards to plaintiff's

4

administrative segregation status. Judicial restraint is called for in this context and militates against the granting of plaintiff's motion.

Finally, plaintiff has not demonstrated a likelihood of success on the merits. His factual recitation provides a number of accusations but little by way of supporting facts. His allegations tend to be conclusory in nature. He also tends to make allegations without any indication of which defendant is responsible.

For all these reasons, the Court finds that plaintiff's motion for a preliminary injunction and temporary restraining order must be denied.

**Order to Amend**

Plaintiff has made a number of allegations regarding his conditions of confinement at PCC. If properly plead, these may be sufficient to pass through initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). Therefore, plaintiff will be ordered to file an amended complaint within thirty days in accordance with the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court-provided civil rights form that will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a

short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If

plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Motion to Proceed In Forma Pauperis**

Plaintiff has not filed a motion to proceed in forma pauperis in this case, and he has not paid the required $400 filing fee. Within thirty days of the date of this order, plaintiff must either file a motion for leave to proceed in forma pauperis or pay the filing fee. Failure to comply with this requirement will result in dismissal of this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunction and temporary restraining order is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's Motion to Proceed In Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply fully and timely with this order, the Court will dismiss this action without prejudice. If the case is dismissed for non-

compliance with this order, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 25th day of February, 2019

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE