# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNY L. CORBIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19CV237 NAB |
| RICHARD JENNINGS, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On February 25, 2019, plaintiff was ordered to file an amended complaint. (Docket No. 3). He was also ordered to either file a motion for leave to proceed in forma pauperis or to pay the full filing fee. Plaintiff has failed to respond. Therefore, for the reasons discussed below, plaintiff's complaint will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## Discussion

Plaintiff is currently incarcerated at Potosi Correctional Center in Mineral Point, Missouri. On February 15, 2019, he filed a document with the Court entitled "Order to Show Cause for [a] Preliminary Injunction [and] a Temporary Restraining Order." (Docket No. 1). The document was handwritten and not on a Court form. It named Warden Richard Jennings, Acting Assistant Warden Bill Milum, Functional Unit Manager Jennifer Price, CCM II Steve Francis, and Food Service Manager II Kathleen Boyer as defendants. Plaintiff alleged various violations of his constitutional rights, including: confinement to administrative segregation; denial of his access to the telephone; improper handling of his grievances; and mishandling of his food, specifically, the placement of fish onto his no-fish tray.

The Court issued an order on February 25, 2019, denying plaintiff's motion for a preliminary injunction and temporary restraining order. In making its decision, the Court looked at "(1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *See St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). After balancing the factors listed above, the Court determined that plaintiff had not made a showing of irreparable harm, that restraint was called for in the realm of prison administration, and that plaintiff had not demonstrated a likelihood of success on the merits.

The Court noted that plaintiff's allegations, if properly plead, might be sufficient to support a civil rights action pursuant to 42 U.S.C. § 1983. The Clerk of Court was therefore instructed to provide plaintiff with a copy of the Court's civil rights complaint form. The Court provided instructions to plaintiff on filling out his complaint. Plaintiff was also directed to either file a motion for leave to proceed in forma pauperis or pay the filing fee. He was given thirty days in which to comply. The Court advised plaintiff that if he failed to timely comply, his case would be dismissed without prejudice.

Plaintiff's thirty-day period in which to file an amended complaint and to file either a motion for leave to proceed in forma pauperis or pay the filing fee has expired. He has not filed a response of any kind. Under Rule 41(b), an action may be dismissed for failing to comply with a court order. *See* Fed. R. Civ. P. 41(b). As plaintiff has not complied with the Court's order of February 25, 2019, his action must be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of February 25, 2019. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE